UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOGIC PLANET, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>CAPITAL CONSULTING, LLC<br>D/B/A THARSEO IT,<br><br>      Defendant. | Civil No. 1:25-cv-1388 |

## COMPLAINT

COMES NOW, Plaintiff, Logic Planet, LLC ("Logic Planet" or "Plaintiff"), by and through undersigned counsel, and files the following Complaint against Capital Consulting, LLC d/b/a Tharseo IT ("Tharseo" or "Defendant") as follows:

### PARTIES & JURISDICTION

1. Plaintiff is a New Jersey LLC. The sole individual member of Logic Planet is a New Jersey resident.

2. Defendant is an LLC with an address of 1205 Good Hope Road SE, Suite 203, Washington, DC 20020.

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, as the Parties are residents of different states, and the amount in controversy exceeds $75,000.

### FACTUAL BACKGROUND

4. On or about May 25, 2023, the Parties executed a "Work Order for DCAS" ("Work Order"). Exhibit 1

5.  This Work Order is identified as internal Exhibit A to a January 25, 2018,[1] subcontract ("Subcontract"). Exhibit 2.

6.  The Work Order is for "Client and Project: Department of Health Care Finance/District Access System" ("Client"). Ex. 1.

7.  The Work Order had a start date of October 1, 2021, and a proposed end date of September 30, 2023. Ex. 1.

8.  Plaintiff's services under the Work Order were compensated by billable hours approved by "the client". Ex. 1.

9.  The Work Order established an agreed hourly rate of $115.00 per hour. Ex. 1.

10. The Work Order set forth "Payment Terms" that Defendant would "Pay when paid by the client upon receipt of invoice from Subcontractor" and "Invoice and client-approved timesheets to be submitted by Subcontractor at end of every month." Ex. 1.

11. Plaintiff performed the services required under the Work Order by providing the consulting services of its employee Satish Manjakuppam ("Consultant").

12. Per Defendant's request Plaintiff provided additional Work Order related services following the September 30, 2023, proposed Work Order end date.

13. Plaintiff issued five invoices for the services of Consultant dated: 11/12/2024 (No. 119); 12/2/2024 (No. 120); 1/9/2025 (No. 121); 2/7/2025 (No. 122); and 3/4/2025 (No. 123) (collectively the "Invoices"). Invoices, Exhibit 3.

14. Plaintiff submitted the Invoices in accordance with the Work Order protocol.

15. The Invoices total $91,770.00.

16. The Client paid Defendant for the services inclusive of the services provided by Plaintiff for which Plaintiff submitted the Invoices.

---

[1] The date "2018" appears to be a "typo" and the Agreement was actually entered into on January 25, 2019.

17. Defendant failed to pay the Invoices.

18. Plaintiff made several demands that Defendant pay the Invoices.

19. On February 4, 2025, Defendant, in an email from its Senior Director, Operations, acknowledged the validity of Plaintiff's invoiced services following the Work Order end date, stating with regard to Invoice 118 for the period of September 1, 2024 to September 30, 2024, and invoice 119 for the period of October 1, 2024 to October 26, 2024, that "…we are currently going through a cash flow situation. That is why we are not able to pay so far. We are making every effort to make your payments as soon as possible. I request you to please give us a little bit more time."  Emails, Exhibit 4.

20. Further acknowledging the validity of Plaintiff's invoiced services following the Work Order end date, Defendant paid invoice 118 after its February 4, 2025, email.

21. Defendant has refused to further respond to Plaintiff's demands for payment of the Invoices.

22. Defendant owes Plaintiff $91,770.00.

## COUNT I
## Breach of Contract

23. Plaintiff restates and incorporates herein the allegations set forth above.

24. Plaintiff rendered services to Defendant pursuant to the Defendant's request that Plaintiff continue to provide Work Order services and bill accordingly past the end date of the Work Order.

25. Defendant has breached the Work Order payment provisions by failing to pay the Invoices.

26. Plaintiff has demanded payment, but Defendant has refused to make payment.

27. As a result, Plaintiff has been damaged in the amount of $91,770.00.

## COUNT II
**Breach of Implied Contract**

28. Plaintiff restates and incorporates herein the allegations set forth above.

29. In the alternative to Count I, there existed an Implied Contract between the parties.

30. Plaintiff provided valuable services to Defendant for the benefit of Defendant in the form of the provision of Consultant's services.

31. The services were accepted, used, enjoyed, and profited from by Defendant who approved Plaintiff's time sheets, received invoices from Plaintiff, and in turn, billed Client and received payments from Client for Consultant's services.

32. Plaintiff provided the services in furtherance of Defendant's delivery of services to Client, which reasonably notified Defendant that Plaintiff in performing such services expected to be paid.

33. Defendant has acknowledged that Plaintiff was authorized to provide the services and that Defendant understood it was obligated to pay for the services.

## COUNT III
**Unjust Enrichment**

34. Plaintiff restates and incorporates herein the allegations set forth above.

35. In the alternative to Counts I and II, Defendant has been unjustly enriched in the amount of $91,770 and Plaintiff has been accordingly damaged.

36. Plaintiff conferred a benefit upon Defendant by providing Consultant's services for Defendant's use in its business arrangement with Client, and from which Defendant profited.

37. Defendant retained the benefit of the services rendered.

38. The retention of the benefits without compensation to Plaintiff is unjust under the circumstances.

39. Plaintiff has been damaged in the amount of $91,770.00.

WHEREFORE, Plaintiff respectfully demands judgment in its favor and against Defendant awarding judgment in the amount of Ninety-One Thousand Seven Hundred Seventy Dollars ($91,770.00) plus pre and post judgment interest together with attorney's fees, costs of suit, and other relief as the Court may deem just and equitable.

**JURY TRIAL DEMANDED**.

Respectfully submitted,

**Logic Planet, LLC**
By Counsel

/s/ John M. Murdock
John Mark Murdock
Potter & Murdock, P.C.
Bar ID 415765
252 N. Washington Street
Falls Church, VA 22046
(703) 992-6950 Phone
jmurdock@pottermurdock.com